UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANK P. BIRCH, JR., | Case No. 2:20-cv-01776-GMN-DJA |
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

I. **DISCUSSION**

This action is a pro se civil rights action filed pursuant to 42 U.S.C. § 1983 by an individual in the custody of the Nevada Department of Corrections. On May 20, 2021, the Court issued a screening order dismissing Birch's complaint for failure to state a claim, giving him leave to file an amended complaint within 30 days, and ordering the Clerk of the Court to send him a complaint form and instructions for filing an amended complaint. (ECF No. 4). The Clerk of the Court sent him the complaint form and instructions with that screening order. (ECF No. 4-2). Birch did not file an amended complaint within 30 days.[1] The Court therefore dismissed this action on June 25, 2021. (ECF No. 6). On July 2, 2021, one week after the Court dismissed this action, Plaintiff filed an objection to the dismissal and appears to be moving the Court for reconsideration of the dismissal of

---
[1] Plaintiff still has not filed an amended complaint.

1

the original complaint and the dismissal of this action and for an extension of time to file an amended complaint. (ECF No. 8).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

Birch does not claim that he actually filed an amended complaint. Rather, he claims that the reason he did not amend his complaint is that he did not have the form because there is no law library and there has not been one for over a year.[2] (ECF No. 8 at 1). However, the Court told Birch in the screening order that it was sending him a complaint form and sent him a complaint form for him to use to draft and file an amended complaint, and Birch did not ask the Court to provide him with a complaint form so that he could file a timely amended complaint. (ECF No. 4-2). Rather, he did nothing. Therefore, there was no reason for the Court to conclude that Birch had failed to timely comply with the Court's order due to a lack of a complaint form. Accordingly, Birch has not shown that the Court clearly erred or that the Court's dismissal was manifestly unjust.

Furthermore, although Birch argues in his motion that he has not been obtaining adequate medical care, his motion does not address the reasons why the Court's screening order dismissed the complaint without prejudice. Among other things, the Court explained in its screening order that, under applicable law, Birch was required to

---

[2] The Court notes that Birch filed the original complaint in this action on a complaint form less than a year ago. (ECF No. 1-1).

2

allege facts sufficient to show deliberate indifference by each particular defendant, but he had not alleged facts sufficient to show that any particular defendant had been deliberately indifferent. (ECF No. 4). Birch has not addressed that ruling and has not shown clear error in that ruling.

The Court notes that Birch's motion makes multiple references to a different action (2:19-cv-01338-GMN-DJA) and to a settlement agreement in that action. (ECF No. 8 at 1-3). His motion includes a settlement agreement in that other action and a motion that Birch has filed in that action alleging a breach of that settlement agreement. (ECF No. 8 at 4-14). Although Birch asserts that this case was bifurcated from that other case, it is readily apparent that Birch filed a separate complaint in this action, that this action always has had a separate case number, caption, and docket. It also is readily apparent that the settlement agreement in the other case makes no mention of this action and refers by case name and number only to the other action. (ECF No. 8 at 4-15). Furthermore, any alleged breach of the settlement agreement in the other action clearly is not the subject of the complaint in this action. (*See* ECF No. 1-1). Indeed, the settlement agreement could not be the subject of the complaint in this action as Birch filed the complaint in this action prior to entering into the settlement agreement in the other action. Therefore, any alleged settlement agreement or breach of a settlement agreement in the other action cannot possibly be a valid basis for the Court reconsidering its dismissal of this action.

To the extent Birch is seeking an extension of time to file an amended complaint in this action, the Court denies that motion. Pursuant to Nevada Local Rule of Practice IA 6-1(a), a request for an extension of time made after the expiration of the specified period "will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." "[E]xcusable neglect" is an equitable question for the court, considering "all relevant circumstances surrounding the party's omission." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*

*P'ship*, 507 U.S. 380, 395 (1993)). Courts use the following factors to determine whether a party's failure to timely comply with a court's order should be considered excusable neglect: the danger of prejudice to the other party; the length and impact of the delay on judicial proceedings; the reason for delay and whether it was reasonably within the party's control; and whether the party acted in good faith. *Id.*

The Court finds that Plaintiff has not demonstrated that his failure to file a motion for an extension of time before the deadline to file an amended complaint was the result of excusable neglect. Plaintiff provides no clear and credible explanation for why he waited until after the Court dismissed this action and closed the case to seek an extension of time. Plaintiff obviously has a pen and has been able to obtain paper to file motions in this action and the other action. Although the Defendants have not yet been served, and the danger of prejudice by the delay is low, the Court cannot find that Birch's failure to timely file a motion for an extension of time was excusable neglect where Birch has not provided any reason for the delay. Therefore, the Court denies the motion for an extension of time.

## II.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion for reconsideration and the motion for an extension of time (ECF No. 8) are denied.

DATED THIS `7` day of `July` 2021.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

4